## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| FOLEY MA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | |
| v. | ) | No. 1:16-cv-01055-LMM-CMS |
| | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1.      Equifax admits that Plaintiff purports to bring this claim pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*., ("FCRA").  Equifax

denies that it violated the FCRA or any other law in its handling of Plaintiff's credit file.

2.     Equifax states that the legislative history of the FCRA speaks for itself and to the extent Plaintiff misstates, misrepresents, and/or mischaracterizes the legislative history of the FCRA the allegations are denied.

3.     Equifax admits that mixed files are a problem in the credit reporting industry.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and, therefore, denies those allegations.

4.     Equifax admits the allegations in Paragraph 4.

5.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies those allegations.

6.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies those allegations.

7.     Equifax states that the holding of the court in *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509 (5th Cir. 1982) speaks for itself and to the extent Plaintiff misstates, misrepresents, and/or mischaracterizes the holding

in *Thompson* the allegations in Paragraph 7 are denied.

8.      Equifax admits the allegations in Paragraph 8.

9.      Equifax states that the holding of the court in *Apodaca v. Discover Fin. Svcs.*, 417 F.Supp 2d 1220 (D.N.M. 2006) speaks for itself and to the extent Plaintiff misstates, misrepresents, and/or mischaracterizes the holding in *Apodaca*, the allegations in Paragraph 9 are denied.

10.     Equifax states that its agreements with the Attorneys General of the several States and the FTC speak for themselves and to the extent Plaintiff misstates, misrepresents, and/or mischaracterizes those agreements, the allegations in Paragraph 10 are denied.  Equifax further states that any FTC actions filed against it speak for themselves and to the extent Plaintiff misstates, misrepresents, and/or mischaracterizes the substance of any FTC action naming Equifax, the allegations in Paragraph 10 are denied.  Moreover, Equifax states that any FTC consent order entered into by Equifax speaks for itself and to the extent Plaintiff misstates, misrepresents, and/or mischaracterizes the substance of any consent order between Equifax and the FTC, the allegations in Paragraph 10 are denied.

11.     Equifax states that the verdict and other proceedings in the *Williams v. Equifax Information Services LLC* matter speak for themselves and to the extent Plaintiff misstates, mischaracterizes, and/or misrepresents the verdict or other

proceedings in the *Williams* case the allegations are denied.

12.  Equifax states that the verdict and other proceedings in the *Julie Miller v. Equifax Information Services LLC* matter speak for themselves and to the extent Plaintiff misstates, mischaracterizes, and/or misrepresents the verdict or other proceedings in the *Miller* case, the allegations are denied.

13.  Equifax states that the verdict and other proceedings in the *Judy Thomas v. Equifax Information Services LLC* matter speak for themselves and to the extent Plaintiff misstates, mischaracterizes, and/or misrepresents the verdict or other proceedings in the *Thomas* case, the allegations are denied.

14.  Equifax admits that mixed files are a problem in the credit reporting industry.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and, therefore, denies those allegations.

15.  Equifax denies the allegations in Paragraph 15.

16.  Equifax denies that it violated the FCRA in its handling of Plaintiff's credit file.  Equifax denies that Plaintiff is entitled to any of the relief requested in Paragraph 16.

17.  Equifax admits that this Court has jurisdiction over this case.

18.  Equifax admits that its principal place of business is located at 1550

Peachtree Street, Atlanta, GA 30309. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and, therefore, denies those allegations.

19.     Equifax admits that it is a Georgia limited liability company with its principal place of business located at 1550 Peachtree Street, Atlanta, GA 30309. Equifax admits that it is a consumer reporting agency as defined by the FCRA. Equifax denies the remaining allegations in Paragraph 19.

20.     Equifax admits that Plaintiff is a consumer. Equifax admits that Plaintiff is an individual. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and, therefore, denies those allegations.

21.     Equifax restates and incorporates its answers and defenses to Paragraphs 1-20 as if fully set forth herein.

22.     Equifax states that the provisions of the FCRA purportedly quoted in Paragraph 22 speak for themselves and to the extent Plaintiff misquotes, misstates, mischaracterizes, and/or misrepresents the provisions of the FCRA, the allegations in Paragraph 22 are denied.

23.     Equifax admits that it received a dispute from Plaintiff on December 21, 2015. Equifax is without knowledge or information sufficient to form a belief

as to the remaining allegations in Paragraph 23 and, therefore, denies those allegations.

24.    Equifax states that the response letter provided to Plaintiff on January 15, 2016 speaks for itself and to the extent Plaintiff misquotes, misstates, mischaracterizes, and/or misrepresents the contents of Equifax's January 15, 2016 response, the allegations are denied.

25.    Equifax admits that Plaintiff disputed Navy Federal Credit Union inquiries appearing on his credit file.  Equifax admits that it responded to Plaintiff that the disputed inquiries were "a factual record of file access."  Equifax denies the remaining allegations in Paragraph 25.

26.    Equifax denies the allegations in Paragraph 26.

27.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies those allegations.

28.    Equifax denies that it violated the FCRA in its handling of Plaintiff's Equifax credit file.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and therefore denies those allegations.

29.    Equifax states that the provisions of the FCRA purportedly quoted by

Plaintiff speak for themselves and to the extent Plaintiff misquotes, misstates, misrepresents, and/or mischaracterizes the provisions of the FCRA the allegations are denied.

30.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies those allegations.

31.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies those allegations.

32.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies those allegations.

33.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies those allegations.

34.     Equifax denies the allegations in Paragraph 34.

35.     Equifax denies the allegations in Paragraph 35.

36.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, denies those

allegations.

37.   Equifax denies the allegations in Paragraph 37.

38.   Equifax denies the allegations in Paragraph 38.

39.   Equifax admits Plaintiff has demanded a trial by jury and likewise demands a jury trial in this case.

40.   Equifax denies that the Plaintiff is entitled to any relief claimed on pages 9 and 10 of his Complaint.

41.   Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

## SECOND DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

## THIRD DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

## FOURTH DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FIFTH DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

## SIXTH DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

## SEVENTH DEFENSE

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v.*

*Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

Equifax reserves the right to have additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)     It be dismissed as a party to this action;

(3)     It receive a trial by jury for all issues so triable;

(4)     It recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted this 26th day of April, 2016.

KING & SPALDING LLP

By: /s/ *Kendall W. Carter*
Phyllis B. Sumner (Ga. Bar No. 692166)
Meryl W. Roper (Ga. Bar No. 238919)
Kendall W. Carter (Ga. Bar No. 114556)
1180 Peachtree Street N.E.
Atlanta, Georgia  30309-3521
Tel:  (404) 572-4600
Fax:  (404) 572-5100

Email:  psumner@kslaw.com
Email:  mroper@kslaw.com
Email:  kcarter@kslaw.com

*Attorneys for Equifax Information
Services LLC*

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that 14 point New Times Roman was used for this pleading and that it has been formatted in compliance with Local Rule 5.4.

This 26th day of April, 2016.

/s/ *Kendall W. Carter*
Kendall W. Carter

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 26, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notifications of such filing to the following attorneys of record:

Justin M. Baxter
Baxter & Baxter, LLP
8835 SW Canyon Lane
Suite 130
Portland, OR 97225

Shimshon E. Wexler
Shimshon Wexler, Attorney at Law
Suite 250
315 West Ponce De Leon
Atlanta, GA 30030

/s/ *Kendall W. Carter*
Kendall W. Carter
Attorney for Equifax Information
Services LLC