IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| FOLEY MA, ) | |
| ) | |
| Plaintiff, ) | Civil Action |
| v. ) | |
| ) | No. 1:16-cv-01055-LMM-CMS |
| EQUIFAX INFORMATION ) | |
| SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. Description of Case:

   (a) Describe briefly the nature of this action.

   This is a civil action for damages under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

   (b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

   Plaintiff's Summary:

   Plaintiff Foley Ma alleges that defendant Equifax Information Services, LLC included inaccurate information in his consumer credit reports, and failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in his consumer credit reports. Plaintiff further alleges that he disputed the accuracy of the information to Equifax, and it failed to comply with its

reinvestigation duties under the FCRA. Plaintiff further alleges that Equifax provided his personal credit information to persons that did not have a permissible purpose under the FCRA to obtain his credit information. Plaintiff further alleges that he suffered actual damages, including harm to credit reputation; unfavorable credit terms; reduction in credit score; emotional distress and mental anguish; out-of-pocket expenses; and time.

<u>Equifax's Summary:</u>

Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by the FCRA. Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports. Equifax denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in his Complaint. Equifax denies that Plaintiff is entitled to punitive damages in this action.

Equifax bases this statement on the facts currently available to it. In making this statement, Equifax does not waive any defenses and reserves the right to supplement this statement as this case and the facts develop.

2. This case is complex because it possesses one or more of the features listed below (please check):

<u>N/A</u>   (1)    Unusually large number of parties

<u>N/A</u>   (2)    Unusually large number of claims or defenses

<u>N/A</u>   (3)    Factual issues are exceptionally complex

<u>Yes</u>   (4)    Greater than normal volume of evidence

<u>Yes</u>   (5)    Extended discovery period is needed

<u>N/A</u>   (6)    Problems locating or preserving evidence

<u>N/A</u>   (7)    Pending parallel investigations or action by government

<u>N/A</u>   (8)    Multiple use of experts

<u>N/A</u>   (9)    Need for discovery outside United States boundaries

<u>N/A</u>   (10)   Existence of highly technical issues and proof

<u>Yes</u>   (11)   Unusually complex discovery of electronically stored information

3.   Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

   Justin M. Baxter
   Shimshon E. Wexler

Defendant Equifax:

   Phyllis B. Sumner
   Lewis P. Perling
   Meryl W. Roper

      Kendall W. Carter

4. Jurisdiction:

Is there any question regarding this Court's jurisdiction?

Yes   _X_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. Parties to This Action:

    (a) The following persons are necessary parties who have not been joined:

    N/A

    (b) The following persons are improperly joined as parties:

    N/A

    (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

    N/A

    (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

Plaintiff does not anticipate amendments at this time; however reserves the right to seek leave of the Court based upon newly discovered evidence.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: within thirty days after the close of

discovery, unless otherwise permitted by court order. Local Rule 56.1.

    (c)    Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

    (d)    Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8.    Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

9.    Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Not at this time.

10.    Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to

initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Plaintiff seeks discovery on the following subjects: 1) credit information reported by defendants related to plaintiff; 2) actions taken by defendants with respect to plaintiff's disputes of information reported by defendants; 3) defendants' policies and procedures with respect to #1 and #2; 4) such other matters that arise during the course of litigation.

Equifax seeks discovery on the following subjects:

1. Facts and circumstances surrounding each and every allegation in Plaintiff's Complaint;
2. Plaintiff's alleged damages;
3. Whether there is any causal relationship between Plaintiff's alleged damages and any consumer reports issued by it;

4. Plaintiff's financial and consumer history;

5. Any communications between Plaintiff and Defendants;

6. Any communications between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint; and

7. Discovery necessitated by discovery sought by Plaintiff.

11. Discovery Limitation and Discovery of Electronically Stored Information:

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

Equifax requests that Requests for Admission and Requests for Production of Documents be limited to 40 in number as propounded by each party on another party.

The parties have agreed to preserve relevant electronic information in its native format and produce documents to the extent possible, including electronically stored information (ESI), in searchable Portable Document Format (PDF), to the extent possible.

(b) Is any party seeking discovery of electronically stored information?

  X  Yes        __ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of

electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties abide by the limits of the applicable Federal Rules of Civil Procedure.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

Plaintiff will request hard copy printouts of ESI from the defendants produced in PDF format. To the extent possible, plaintiff will request the PDF documents be produced in searchable format.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties anticipate seeking a protective order in this case. The parties will work to agree upon a form of stipulated protective order. If a joint form of order is

not achieved the parties anticipate seeking entry of an order as specified by the Court.

The parties also anticipate seeking a permissible purpose order, which will permit defendant to produce records that may relate to a consumer other than plaintiff.

13. Settlement Potential:

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on May 10, 2016, and that they participated in limited preliminary settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): s/ Justin Baxter, Shimshon Wexler

Other participants:

For defendant Equifax: Lead counsel (signature): s/ Kendall W. Carter

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(  ) A possibility of settlement before discovery.

( X ) A possibility of settlement after preliminary informal discovery.

(  ) A possibility of settlement, but a conference with the judge is needed.

(  ) No possibility of settlement.

(c) Counsel (X) do or (  ) do not intend to hold additional settlement

conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is TBD.

    (d)    The following specific problems have created a hindrance to settlement of this case.

    N/A

14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

    (a)    The parties ( ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ___ day of _____, of 20    .

    (b)    The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

DATED this 26th day of May, 2016.

                                         s/ Justin M. Baxter
                                         _____
                                         Justin M. Baxter, *admitted pro hac vice*
                                         Baxter & Baxter, LLP
                                         8835 SW Canyon Lane, Suite 130
                                         Portland, OR 97225
                                         Telephone: (503) 297-9031
                                         Facsimile: (503) 291-9172
                                         Email: justin@baxterlaw.com

Shimshon Wexler, GA Bar No. 436163
315 W Ponce de Leon Ave Suite 250
Decatur, GA 30030
Telephone: (212) 760-2400
Facsimile: (917) 512-6132
Email: swexleresq@gmail.com

*Attorneys for Plaintiff*

s/ Kendall W. Carter
_____
Phyllis B. Sumner (Ga. Bar No. 692166)
Lewis P. Perling (Ga. Bar No. 572379)
Kendall W. Carter (Ga. Bar No. 114556)
1180 Peachtree Street N.E.
Atlanta, Georgia 30309-3521
Tel: (404) 572-4600
Fax: (404) 572-5100
Email: lperling@kslaw.com
Email: psumner@kslaw.com

*Attorneys for Equifax Information Services LLC*

* * * * * * * * * * * * *

SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2016.

_____
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that 14 point New Times Roman was used for this pleading and that it has been formatted in compliance with Local Rule 5.4.

DATED this 26th day of May, 2016.

                                                   By:   s/ Shimshon Wexler

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing via the Court's electronic CM/ECF delivery, to the following persons and on the date set forth below:

Phyllis B. Sumner
Email: psumner@kslaw.com
Meryl W. Roper
Email: mroper@kslaw.com
Kendall W. Carter
Email: kcarter@kslaw.com
1180 Peachtree Street N.E.
Atlanta, Georgia 30309-3521

*Attorneys for Equifax Information Services LLC*

DATED this 26th day of May, 2016.

By:   s/ Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
315 W Ponce de Leon Ave Ste 250
Decatur, GA 30030
Telephone (212) 760-2400
Facsimile (917) 512-6132
swexleresq@gmail.com