Page 1

```
1            IN THE UNITED STATES DISTRICT COURT
2           FOR THE NORTHERN DISTRICT OF GEORGIA
3                     ATLANTA DIVISION
4    ------------------------------X
5    FOLEY MA,                      )
6                Plaintiff,         ) CASE
7    v.                             ) 1:16-cv-01055-LMM-CMS
8    EQUIFAX INFORMATION SERVICES,  )
9    LLC,                           )
10               Defendant.         )
11   ------------------------------X
12
13
14
15
16             DEPOSITION OF EVAN HENDRICKS
17                   Bethesda, Maryland
18                 Friday, May 12, 2017
19
20
21
22   Reported by:
23   CINDY L. SEBO, RMR, CRR, RPR, CSR, CCR, CLR,
     Real-Time Systems Administrator, LiveDeposition
24   Authorized Reporter
25   JOB 123808
```

EXHIBIT C TO DEFENDANT'S MOTION TO EXCLUDE

Page 2

```
 1
 2
 3
 4           Friday, May 12, 2017
 5              10:15 a.m.
 6
 7
 8
 9       Deposition of EVAN HENDRICKS, held at the
10  residence of Evan Hendricks, 8321 Tomlinson
11  Avenue, Bethesda, Maryland, pursuant to
12  Agreement before Cindy L. Sebo, Registered Merit
13  Reporter, Certified Real-Time Reporter, Registered
14  Professional Reporter, Certified Shorthand
15  Reporter, Certified Court Reporter, Certified
16  LiveNote Reporter, Real-Time Systems
17  Administrator, LiveDeposition Authorized Reporter
18  and Notary Public in and for State of Maryland.
19
20
21
22
23
24
25
```

Page 3

```
 1
 2   A P P E A R A N C E S:
 3     SHIMSHON WEXLER, ATTORNEY AT LAW
 4     Attorneys for Plaintiff
 5        315 West Ponce De Leon Avenue
 6        Decatur, Georgia 30030
 7      BY: SHIMSHON WEXLER, ESQ.
 8        (Via Telephone)
 9
10
11     KING & SPALDING LLP
12     Attorneys for Defendant
13        1180 Peachtree Street, NE
14        Atlanta, Georgia 30309
15      BY: LEWIS PERLING, ESQ.
16        (Via Telephone)
17
18
19
20
21
22
23
24
25
```

Page 4

```
 1
 2
 3        IT IS HEREBY STIPULATED AND AGREED
 4   by and between the attorneys for the
 5   respective parties herein, that filing and
 6   sealing be and the same are hereby waived.
 7        IT IS FURTHER STIPULATED AND AGREED
 8   that all objections, except as to the form
 9   of the question, shall be reserved to the
10   time of the trial.
11        IT IS FURTHER STIPULATED AND AGREED
12   that the within deposition may be sworn to
13   and signed before any officer authorized
14   to administer an oath, with the same
15   force and effect as if signed and sworn
16   to before the Court.
17
18
19        - oOo -
20
21
22
23
24
25
```

Page 6

Page 7

Page 8

```
 1            E. Hendricks
 2      Q.   You've never been employed by
 3   Equifax, have you?
 4      A.   That's correct.
 5      Q.   You've never been employed by any
 6   consumer reporting agency, correct?
 7      A.   That's correct.
 8      Q.   And you've never written a policy for
 9   use by a consumer reporting agency?
10      A.   That's correct.  I've never been
11   asked to do that.
12      Q.   You've never written any procedures
13   for use by any consumer reporting agency?
14      A.   The same answer.
15      Q.   And you've never designed a
16   reinvestigation procedure for use by a consumer
17   reporting agency?
18      A.   The same answer.
19      Q.   You've never written a matching
20   algorithm for use by a consumer reporting agency?
21      A.   That's correct, the same answer.
22      Q.   And, in fact, you've never written
23   any matching algorithms, correct?
24      A.   That's correct.
25
```

Page 9

EXHIBIT C TO DEFENDANT'S MOTION TO EXCLUDE

Page 30

Page 31

1  E. Hendricks
2  Q. And did you ask Plaintiff if there
3  had been any other disputes other than the
4  disputes that were referenced in the late
5  December document?
6  A. I did not.
7  Q. Did you speak to any witnesses?
8  A. No.
9  Q. Are you offering an opinion in this
10 case as to what caused Plaintiff's file to be
11 merged with the file of another individual?
12 A. Yes.
13 Q. And is your opinion different than
14 the testimony that was offered by Ms. Leslie?
15 A. My recollection is that my opinions
16 are consistent with what Ms. Leslie said.
17 Q. You haven't done any type of computer
18 analysis, aside from the opinions that Ms. Leslie
19 have offered, to determine why the two files came
20 together?
21 A. No.
22 Q. You haven't done any type of forensic
23 analysis of -- of present scans and online
24 combines to determine why the two files came
25 together?

Page 32

1  E. Hendricks
2  A. No, no forensic analysis.
3  Q. Have you contacted any creditors to
4  determine what information they provided to
5  Equifax that might have contributed to the files
6  coming together?
7  A. No, I've not contacted any creditors.
8  Q. You're aware that Equifax has a
9  process called online combined, correct?
10 A. Yes.
11 Q. And that occurs when the ID on a
12 credit file is similar enough that the computer
13 system or the program was to combine two credit
14 lines?
15 A. Yes.
16 Q. And you don't contend that that
17 should never occur, do you?
18 A. I -- I think that's a -- that's a
19 fair assessment of my opinion, because for the --
20 I -- basically, absolutes, for the most part,
21 don't work in -- in -- in credit reporting and
22 credit scoring.
23 Q. For instance, every online combined
24 is not a mixed box?
25 A. I think that's fair.

Page 33

9

EXHIBIT C TO DEFENDANT'S MOTION TO EXCLUDE

Page 46

1      E. Hendricks

4      Q.   Your only income is providing expert
5  opinions, right?
6      A.   Yes, that's where my professional
7  income is from, yes.
8

Page 47

Page 48

Page 49

EXHIBIT C TO DEFENDANT'S MOTION TO EXCLUDE

Page 66

Page 67

Page 68

69

1   E. Hendricks
2   Q.  You're not aware of Mr. Foley Ma
3   receiving any debt collection calls, are you?
4   A.  That's correct, I don't recall
5   that -- seeing that.
6   Q.  And you don't recall that Mr. Ma
7   refrained from applying for credit because of
8   anything Equifax did in this case, are you?
9   A.  Well, my sense was that he understood
10  that until he got this cleared up, that there was
11  no sense in applying for credit.
12  Q.  That's your assumption based on what?
13  A.  On his deposition testimony and the
14  facts in the case.
15  Q.  As you're sitting here today, you're
16  now recalling that he said in his deposition --
17  the one that you'd forgotten earlier that you did
18  it -- that he said he was chosen from making
19  applications for credit?
20  A.  No, I don't recall him testifying to
21  that, no.
22  Q.  Let's take a look at Page 20 of your
23  report.  You've got a section here which talks
24  about operation physics.
25      And that related to consumers that

18

TSG Reporting - Worldwide    877-702-9580

EXHIBIT C TO DEFENDANT'S MOTION TO EXCLUDE

Page 70

1        E. Hendricks
2  were making telephone contact to credit reporting
3  agencies, right?
4      A.  Yes.
5      Q.  And you're aware in this case,
6  Mr. Foley Ma did not contact Experian via
7  telephone, right?
8      A.  Earlier, I said I can't remember what
9  medium he went through, but I think you're
10 representing to me that he did not contact them
11 by telephone. And I -- if that's your
12 representation, I have no reason to dispute your
13 representation.
14

Page 71

16
17 _____
18       EVAN HENDRICKS
19
20 Subscribed and sworn to before me
21 this _____ day of _____ 20\_\_\_\_.
22
23 _____
24
25

Page 72

1
2       C E R T I F I C A T E
3 STATE OF MARYLAND:
4 PRINCE GEORGE'S COUNTY:
5     I, Cindy L. Sebo, a Notary Public within
6 and for the Jurisdiction aforesaid, do hereby
7 certify that the foregoing deposition was taken
8 before me, pursuant to notice, at the time and place
9 indicated; that said deponent was by me duly sworn to
10 tell the truth, the whole truth, and nothing but the
11 truth; that the testimony of said deponent was
12 correctly recorded in machine shorthand by me and
13 thereafter transcribed under my supervision with
14 computer-aided transcription; that the deposition is
15 a true record of the testimony given by the witness;
16 and that I am neither of counsel nor kin to any party
17 in said action, nor interested in the outcome
18 thereof.
19 Date: 7/12/17
20
21     _____
22       Cindy L. Sebo, RMR, CRR, RPR, CSR,
23         CCR, CLR, RSA, Notary Public
24
25

Page 73

1
2 ---------------------I N D E X---------------------
3 WITNESS      EXAMINATION BY      PAGE
4
5 EVAN HENDRICKS    MR. PERLING      5
6 ----------------------EXHIBITS---------------------
7
8 PLAINTIFF'S              PAGE   LINE
9 Exhibit Number 1
   Plaintiff's Expert Witness
10 Disclosure . . . . . . . . . . . . .  9     9
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

EXHIBIT C TO DEFENDANT'S MOTION TO EXCLUDE