IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TERRY and DONNA TOLER                                                PLAINTIFFS

V.                          CIVIL NO. 12-6032

EXPERIAN INFORMATION SOLUTIONS, INC.                                  DEFENDANT

**O R D E R**

For reasons reflected in this order and on the record at the hearing held in this case on November 17, 2014, it is hereby ordered as follows:

Plaintiffs' Motion in Limine (doc. 205) is GRANTED IN PART and DENIED IN PART.  Plaintiffs' Motion is GRANTED with respect to any reference being made to the filing of or ruling on a motion in limine or this case being brought under a fee-shifting statute.  The remainder of Plaintiffs' Motion is DENIED without prejudice to Plaintiffs' right to renew their objection during trial.

Defendant's Motion in Limine (doc. 210) is GRANTED IN PART and DENIED IN PART.  Defendant's motion is GRANTED as to business damages and damages not specifically identified in Plaintiffs' disclosures; however, Plaintiffs will be permitted to discuss these damages as they relate to Plaintiffs' emotional distress and mental anguish.  Defendant's motion is DENIED as to testimony regarding Mr. Toler's emotional distress.  Defendant's motion is DENIED AS MOOT as to PHH's accounting procedures.  The remainder of Defendant's Motion is DENIED without prejudice to Defendant's right

EXHIBIT E TO DEFENDANT'S MOTION TO EXCLUDE

to renew their objection at trial.

Defendant's Motion to Exclude Testimony of Dr. Robert E. "Jay" Marsh (doc. 211) is DENIED AS MOOT.

Defendant's Motion to Exclude Testimony of Evan Hendricks (doc. 213) is GRANTED IN PART and DENIED IN PART. The Court finds that Mr. Hendricks is qualified and shall be permitted to testify about the history and background of the credit reporting industry and the usual policies and procedures of credit reporting agencies. Mr. Hendricks will not be permitted to testify regarding any alleged damages specific to Plaintiffs; however, he may discuss whether mental anguish damages are authorized under the Fair Credit Reporting Act.

Plaintiff Terry Toler's Motion to Amend, Update and Clarify his Damages Calculations (doc. 221) is GRANTED to the extent that the Court previously ruled Mr. Toler has a claim for emotional distress damages.

IT IS SO ORDERED this 14th day of November, 2014.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

EXHIBIT E TO DEFENDANT'S MOTION TO EXCLUDE