## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **FOLEY MA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action** |
| | ) | |
| **v.** | ) | **No. 1:16-cv-01055-LMM-CMS** |
| | ) | |
| **EQUIFAX INFORMATION** | ) | |
| **SERVICES LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S MOTIONS IN LIMINE

Plaintiff Foley Ma hereby moves in limine to exclude or limit testimony, exhibits or reference to certain matters as set forth below.

**Motion One.** **Plaintiff moves to exclude testimony of any witness who lacks personal knowledge of the matters testified to.**

Fed. R. Evid. 602 provides "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

Examples of trial testimony which would violate this rule are speculation by an Equifax corporate representative about what another employee or agent believed or intended. Similarly, testimony about what a creditor or data furnisher thought or intended would be inadmissible. Finally, Equifax should not be allowed

to testify that an event occurred unless the witness has seen a business record showing the event occurred or has personal knowledge.

**Motion Two.** **Plaintiff moves to exclude opinion testimony of any witness who has not been designated and admitted as an expert witness.**

Equifax is calling fact witnesses to discuss its procedures and the actions it took regarding plaintiff. These witnesses should not be allowed to state their opinions because they are not qualified and have not been designated as experts. Examples of inadmissible opinion testimony would include the statement that Equifax's procedures are reasonable, or that Equifax's conduct with respect to plaintiff complied with the requirements of the Fair Credit Reporting Act

**Motion Three.** **Plaintiff moves to exclude evidence, testimony, and reference to whether Equifax has corrected the errors in plaintiff's credit file.**

As of August 5, 2016, Equifax was still reporting false credit information in Mr. Ma's credit file. Equifax has not produced a corrected credit report for Mr. Ma to plaintiff's counsel since that time. Equifax should not be permitted to offer evidence of a corrected credit report which was not produced in discovery. Plaintiff also moves to exclude evidence, testimony, and reference to actions taken by defendant to correct plaintiff's credit report.

**Motion Four.** **Plaintiff moves to exclude testimony, evidence, or reference to reinvestigations performed by Equifax employees or agents which were not disclosed during discovery.**

In a prior trial, Equifax witnesses discussed successful reinvestigations performed on behalf of other consumers. Permitting Equifax employees to testify regarding reinvestigations of consumer disputes for other consumers is problematic.

Equifax has not disclosed any specific consumers it intends to reference. This prevents plaintiff from conducting any inquiry into the circumstances of those particular reinvestigations. Fed. R. Civ. Proc. 37(C)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. Proc. 26(e)(1) provides: "A party . . . who has responded to an interrogatory, request for production, or request for admission must supplement or correct its disclosure or response . . . ."

**Motion Five.** **Plaintiff moves to exclude testimony, evidence, or reference to internal statistics, studies, reports or other data regarding the accuracy of Equifax's credit reports.**

Plaintiff requested that Equifax produce any studies or reports regarding the

accuracy of Equifax's credit reports. Equifax produced none. Equifax should be precluded from offering any evidence on this matter because it did not produce requested information. Fed. R. Civ. Proc. 37(C)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. Proc. 26(e)(1) provides: "A party . . . who has responded to an interrogatory, request for production, or request for admission must supplement or correct its disclosure or response . . . ."

DATED this 19th day of October, 2017.

Respectfully submitted,

s/ Justin M. Baxter

_____

Justin M. Baxter, *admitted pro hac vice*
Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
Telephone: (503) 297-9031
Email: justin@baxterlaw.com

Shimshon Wexler, GA Bar No. 436163
315 W Ponce de Leon Ave Suite 250
Decatur, GA 30030
Telephone: (212) 760-2400
Facsimile: (917) 512-6132
Email: swexleresq@gmail.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that 14 point New Times Roman was used for this pleading and that it has been formatted in compliance with Local Rule 5.4.

DATED this 19th day of October, 2017.

/s/ *Justin M. Baxter*
Justin M. Baxter

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing via the Court's electronic filing system, to the following persons and on the date set forth below:

Lewis P. Perling
Phyllis B. Sumner
Kendall W. Carter
Meryl W. Roper
KING & SPALDING, LLP
1180 Peachtree Street N.E.
Atlanta, Georgia 30309-3521

*Attorneys for Equifax Information Services LLC*

DATED this 19th day of October, 2017.

s/ Shimshon Wexler
_____
Justin M. Baxter, *admitted pro hac vice*
Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
Telephone: (503) 297-9031
Email: justin@baxterlaw.com

Shimshon Wexler, GA Bar No. 436163
315 W Ponce de Leon Ave Suite 250
Decatur, GA 30030
Telephone: (212) 760-2400
Facsimile: (917) 512-6132
Email: swexleresq@gmail.com